**IN RE: Kenneth Wayne LEWIS, Petitioner**

**No. 17-3461**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R. App. P. December 7, 2017

(Opinion filed: December 12, 2017)

Kenneth Wayne Lewis, Pro Se

Before: AMBRO, RESTREPO, and NYGAARD, Circuit Judges

## OPINION *

### PER CURIAM

Kenneth Lewis has filed a petition for a writ of mandamus seeking an order compelling the District Court to enter summary judgment in a civil case, Lewis v. Sessions, No. 3:17-cv-05475 (D.N.J. filed July 26, 2017).[1] He also seeks an order

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1. Although Lewis has titled his filing "Affidavit Writ of Mandamus," we construe it as a petition for a writ of mandamus in light of the relief that he seeks. See United States v. Fiorelli, 337 F.3d 282, 287-88 (3d Cir. 2003) (stat-

compelling the District Court to file an addendum in the civil case, send a file-stamped copy of the addendum to him, and execute particular subpoenas.

A writ of mandamus is a drastic remedy available only in extraordinary cases. <u>See</u> <u>In re Diet Drugs Prods. Liab. Litig.</u>, 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking mandamus must demonstrate that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." <u>Hollingsworth v. Perry</u>, 558 U.S. 183, 190, 130 S.Ct. 705, 175 L.Ed.2d 657 (2010) (per curiam) (internal quotation marks and citation omitted).

Here, there is no basis for granting the petition for a writ of mandamus. The District Court docket reflects that the District Court entered a November 3, 2017 order administratively terminating Lewis's civil

case because he did not file a complete application to proceed in forma pauperis. Although Lewis has since submitted other documents in the District Court, it does not appear that he has complied with the District Court's order, and his case remains administratively terminated. In any event, Lewis has not shown that he is entitled to mandamus relief, as he has not demonstrated a clear and indisputable right to the writ or that he has no other adequate means to obtain the relief desired.

For these reasons, we will deny Lewis's petition for a writ of mandamus.

ing that the function of a motion, not the caption, determines how it is treated).